UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. CAMPBELL & | ) |
| THE CAMPBELL FAMILY | ) |
| INVESTMENT TRUST, | ) |
|     Plaintiffs, | )     C.A. No.  05-10620-WGY |
| | ) |
|     v. | ) |
| | ) |
| TOWN OF WEYMOUTH, Et Al., | ) |
|     Defendants | ) |

<u>MEMORANDUM AND ORDER</u>

For the reasons stated herein: (1)Robert J. Campbell's Motion for Leave to Amend the Complaint is granted, subject to this Memorandum and Order; (2)Robert J. Campbell's application to proceed without prepayment of fees is denied without prejudice; (3) Robert J. Campbell is directed to show cause within 35 days why the action should not be dismissed for failure to state a claim and/or to show standing; (4) Co-Plaintiff The Campbell Family Investment Trust is dismissed as a party without prejudice for failure to sign the First Amended Complaint, failure to pay the filing fee, and failure to be represented by counsel; and (5) Robert J. Campbell's Motion to Expunge criminal record is denied.

<u>BACKGROUND</u>

On March 14, 2005, Plaintiff Robert J. Campbell ("Campbell") filed a *pro se* Complaint alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986, claiming that Defendants, zoning board members and affiliates, violated his due process rights and his right to "freedom from repression," with respect to the issuance

of zoning and building permits.  Accompanying his Complaint was an Application to Proceed Without Prepayment of Fees.

More specifically, on or about February 1996, Campbell submitted building permit applications to the Town of Weymouth Building Inspector seeking permission to use one of his lots for residential purposes and the other lot for use as a daycare. Compl. at ¶ 26.  Since both lots were located in a residential district and in a designated flood hazard zone, the Building Inspector refused to issue the permits, and informed Campbell that he must seek special permits to build on the land. Id. ¶ 27. Campbell did as instructed.

After Public hearings on April 22 and June 17, 1996, the Planning Board approved Campbell's special permit for construction on his residential lot.  Id. ¶ 30. With respect to the other lot, Campbell withdrew his special permit application for the daycare because the application contained "substantial errors."  Id. ¶ 31.  The Town Board allowed the withdrawal, without prejudice, on May, 28, 1996.  Id. ¶ 31.

About five months later, on November 1, 1996, Campbell submitted a second application for a special permit to build the daycare.  Id. ¶ 41.  While that application was pending, the Town Board proposed changes to the minimum lot requirements in the Town bylaws.  Id. ¶ 43.  The amendments were approved by the Town

2

Board in May 1997 and went into effect in August 1997.  These
amendments required minimum parking requirements to include
additional off-street parking.  Id. ¶ 78.  Campbell amended the
building plans in accordance with the new requirements.  Id. ¶ 45.

On February 24, 1997, the Board denied the special permit
for the day-care.  Id. ¶ 67.  After this denial, Campbell
appealed the decision to the Massachusetts Land Court (Docket No.
237269).  Id. ¶ 68.  Campbell concedes that the lot was not
actually purchased until April 1997, and further concedes that it
is The Campbell Family Investment Trust (Francis Campbell and
Ruth Campbell, Trustees) that is the owner of record for the
property.  Id. ¶ 73-74.

Campbell claims that while litigating his appeal in the
Massachusetts Land Court, the Town Board attempted to further
amend the business application process to require applicants
submit to a Criminal Offense Records Investigation ("CORI").  Id.
¶ 87.  Campbell claims that this action was taken specifically by
the Town Board in order to provide grounds for denial of any
applications submitted by Campbell in the future.  Id. ¶ 90.

In September 1998, the Massachusetts Land Court granted
Summary Judgment in favor of Campbell and remanded the case back
to the Planning Board.  Id. ¶ 93.  Pursuant to the remand order,
the Planning Board granted Campbell's special permit in November
1998.  Id. ¶ 94.  Due to monetary and contractual problems,

however, Campbell was unable to build the daycare within the time allotted.  When the special permit was due to expire in November 2000, Campbell applied for a building permit to continue building the daycare.  Id. ¶ 124.

On December 28, 2001, Campbell applied to the Board of Zoning Appeals ("BZA") for both a special permit and variance. Id. ¶ 140. The BZA approved the special permit but denied the variance.  Id. ¶ 144.  Campbell then brought a second appeal to the Massachusetts Land Court (Docket No. 280041).  Id. ¶ 155. Plaintiff's Complaint does not specify the outcome of this case.

Campbell requests this Court to (1) remove certain bylaws of the Town of Weymouth; (2) grant injunctive relief barring certain defendants from continuing to involve themselves in his building plans; (3) award damages for his costs incurred thus far in seeking permits; (4) award punitive damages; (5) and expunge his criminal record.

On May 26, 2005 Campbell filed a Motion to Amend the Complaint to add new parties and delete his wife as a party.  He also filed further financial disclosures in support of the application to proceed in forma pauperis, signed by Francis Campbell, Trustee for The Campbell Family Investment Trust.

The Campbell Family Investment Trust ("Trust") is also named as a co-Plaintiff in this action; however, no authorized signatory has signed the Complaint or the First Amended

4

Complaint.  These deficiencies are addressed in more detail in
this Memorandum and Order.

DISCUSSION

I.    Robert J. Campbell's Motion to Amend the Complaint

      Robert J. Campbell's Motion for Leave to Amend the Complaint
is granted.  "A party may amend the party's pleading once as a
matter of course at any time before a responsive pleading is
served."  Fed. R. Civ. P. 15(a).  Accordingly, since no
responsive pleading has been served or filed, the motion is
granted, and the clerk is directed to file the pleading as the
"First Amended Complaint."  The grant of the motion is still
subject to the filing fee requirements (or waiver thereof) and
other requirements as set forth in this Memorandum and Order.

      The First Amended Complaint makes several changes.  First,
Tammy Campbell's name is removed from the original Complaint and
replaced with the Trust as the real party in interest.  See
Amended Complaint at ¶ 2.  Second, the First Amended Complaint
deletes claims against Richard McLeod and Donald Holzworth.  Id.
¶ 5.  These Defendants shall be terminated as parties in this
action.  Third, the following persons shall be added by this
Court to the docket as Defendants: Paul M. Dillon, Mary Sue Ryan,
Susan Abbott, Paul F. Lynch, Officer Michael Nasuti, Sandra
Gildea, Ruth S. Amos, and William Ryan.  Id. ¶ 6.  Fourth,
Campbell asserts that this Court's jurisdiction includes 28

5

U.S.C. § 1441.  Fifth, references to M.G.L Chapter 43A Section 3
are now recognized as M.G.L. Chapter 40A Section 3.  Sixth,
references to Chapter 30A Section 11 ½ (1)(a) through (c) are now
recognized as Chapter 39A Section 23B (1)(a) through (1)(c).
Finally, other typographical errors are corrected in the Amended
Complaint.

II.  <u>The Court May Screen This Action</u>

Because Campbell has sought to proceed without prepayment of
fees, this Court may screen the complaint pursuant to 28 U.S.C.
§ 1915.  Section 1915, authorizes federal courts to dismiss
actions in which a plaintiff seeks to proceed without prepayment
of the filing fee if the action lacks an arguable basis either in
law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)
(interpreting former § 1915(d)), or if the action fails to state
a claim on which relief may be granted or seeks monetary relief
against a defendant who is immune from such relief.  28 U.S.C.
§ 1915(e)(2).  *In forma pauperis* complaints may be dismissed *sua
sponte* and without notice under § 1915 if the claim is based on
an indisputably meritless legal theory, or factual allegations
that are clearly baseless.  <u>Id</u>.; <u>Denton v. Hernandez</u>, 504 U.S.
25, 32-33 (1992).

III. <u>Applications to Proceed *In Forma Pauperis*</u>[1]

    A.   <u>Robert J. Campbell's Application to Proceed</u>
        <u>*In Forma Pauperis*</u>

Campbell's Application to Proceed Without Prepayment of Fees
is denied without prejudice, because he has made an insufficient
showing that he lacks funds to pay the filing fee.  Campbell
indicates he owns property totaling $326,700.00, including a
house, two cars, and a boat.  He fails to provide specific
information as to the amount of equity in his home, nor does he
provide information as to other assets such as stocks, bonds or
other funds or income, if any, in his name or his spouse's name,
or his spouse's income.  Thus, based on the current disclosures,
this Court finds he has not demonstrated that he is without
sufficient funds to pay the filing fee.  Although, he references
two bankruptcy proceedings, Campbell fails to disclose specific
details that would impact the Court's determination regarding his
eligibility for *in forma pauperis* status.

---

[1] The practice of this Court has been to apportion the
filing fee among Plaintiffs.  <u>See</u>, <u>e.g.</u>, <u>Gordon v. Maloney</u>, C.A.
No. 03-10205-DPW (D. Mass. July 9, 2003)(Woodlock, J.); <u>Matthews
v. Allen</u>, C.A. No. 02-11922-RWZ (D. Mass. June 26, 2003) (Zobel,
J.) and <u>Wickers, et al. v. Sheriff Cousins, et al.</u>, C.A. 05-
10172-RCL (February 23, 2005) (Lindsay, J.).  Ordinarily, since
the Complaint names two Plaintiffs (Campbell and The Campbell
Family Investment Trust), the fee would be split between the two,
so Campbell's portion of the filing fee would be $125.00.
However, since the co-Plaintiff Trust is not recognized by this
Court as a duly appearing Plaintiff in this action, for the
reasons stated herein, no such apportionment of the fee can be
assessed in any event.

In view of the above, the Application to Proceed Without Prepayment of fees is denied without prejudice. He may submit a new Application to Proceed Without Prepayment of Fees and affidavit and include in that application a more detailed financial statement.  If Campbell resubmits his application, he must do so contemporaneously with the filing of a response to this show cause Order as set forth herein.

B.    <u>The Campbell Family Investment Trust's</u>
      <u>Application to Proceed *In Forma Pauperis*</u>

Frances Campbell, Trustee for Trust, submitted an Application to Proceed Without Prepayment of Fees contemporaneous with the Motion to Amend the Complaint.  Since the Trust has failed to sign either the original Complaint or the First Amended Complaint, this Court does not recognize the Trust as a party to this proceeding at this time, and therefore need not entertain the Application.

However, the Court finds that even if the Trust properly submitted a signed Complaint, the Application to proceed *in forma pauperis* is nevertheless defective.  Francis Campbell appears to have disclosed his personal assets in the Application.  However, the Trustee's personal assets are irrelevant to the issue of the Trust's ability to pay the filing fee.

More importantly, however, regardless of its financial status, a Trust is not a "person" within the meaning of 28 U.S.C.

8

§ 1915 and is therefore not entitled to *in forma pauperis* status

or a waiver of the filing fee.  Rowland v. California Men's

Colony, 506 U.S. 194, 196 (1993)("... only a natural person may

qualify for treatment *in forma pauperis* under § 1915.")[2]

This is fatal to the Trust's request to waive the filing

fee.  Accordingly, if the Trust seeks to appear in this action as

a party, it must pay the filing fee.  Additionally, the Trust

must also show cause why this action should not be dismissed for

the reasons stated herein, and Plaintiff Campbell shall make all

reasonable efforts to ensure the Trust receives notice of this

Memorandum and Order.

IV.    Failure of Campbell Family Trust to Sign Pleadings; A
       Pro Se Litigant May Not Represent Others

Plaintiff Campbell is the only signatory to the Complaint

and the First Amended Complaint, and it appears he is attempting

to represent the Trust in this action.  Although 28 U.S.C.

---

[2] In Rowland, the Supreme Court of the United States
reasoned: 1) since Congress gave the courts discretion under
§ 1915(d) to appoint counsel to represent a person, the
legislature assumed that the person first had the legal capacity
to appear in front of the court (a corporation does not enjoy
this right); 2) an "allegation of poverty" requires a person to
show that they are "lacking in the comforts of life," a "human
condition" that can not be attributed to artificial entities; 3)
artificial entities are not permitted to take oaths and therefore
can not legally make an affidavit as required by § 1915(a); and
4) the standard used to determine "inability to pay," asking
whether a person lacks the "necessities of life" is not
applicable to artificial entities and the Congressional record is
devoid of any other standard that could be applied to them.
Rowland, 506 U.S. at 201-207.

§ 1654 permits persons to proceed *pro se*, this provision does not allow unlicenced lay people to represent co-plaintiffs or any other individuals.  See <u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1039 (D. Mass. 1994); <u>Eagle Assocs. v. Bank of Montreal</u>, 926 F.2d 1305, 1308 (2nd Cir. 1991).  Additionally, this Court's Local Rules do not provide such authorization.  <u>See</u> District of Massachusetts Local Rule 83.5.3(c), providing that "[a] person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf." <u>Id</u>.  Thus, each named plaintiff may only litigate his *own* claims, and Campbell may not appear *pro se* on behalf of the Trust.  Additionally, each individual plaintiff wishing to file a pleading with this court must sign the pleading.  See Fed. R. Civ. P. 11(a).

   Although Francis Campbell, Trustee has filed an Application to Proceed *in forma pauperis*, the signature of the Trustee is absent from the Complaint and the First Amended Complaint, and therefore the pleading shall be stricken as to him, without prejudice.  "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."  Fed. R. Civ. P. 11(a).

   It is further noted that the First Amended Complaint fails

10

to reference any claims of the Trust that are separate and distinct from Campbell's claims.  Thus, to the extent that the Trust would seek to refile the First Amended Complaint containing an authorized signatory, such action would nevertheless be subject to dismissal for the same reasons contained in this Memorandum and Order.

V.    The Campbell Family Investment Trust May Not Appear *Pro Se*

Apart from the deficiencies previously noted with respect to the filing fee and lack of authorized signature to the First Amended Complaint, a more fundamental problem is presented here, which would warrant dismissal of this action.  Francis Campbell, as Trustee, and/or Robert Campbell, as beneficiary, are seeking to represent the Trust's interests in this case.  While the Trustee of the Trust may have standing to bring suit, neither a beneficiary nor the Trustee may appear *pro se* on behalf of the Trust entity.  A Trust must be represented by duly-licenced counsel.

As previously noted, 28 U.S.C. § 1654 does not allow unlicenced lay-people to represent any other individuals.  See Feliciano, 846 F. Supp. at 1039; Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2nd Cir. 1991). This rule applies to a Trust.  See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)("the rationale for that rule applies equally to all artificial entities."); See also C.E. Pope Equity Trust v.

11

U.S., 818 F.2d 696, 697 (9th Cir 1987) ("A trustee may not claim
that his status as trustee includes the right to present
arguments *pro se* in federal court."); <u>Knoefler v. United Bank of
Bismarck</u>, 20 F.3d 347 (8th Cir. 1994) (Trustees have no right to
represent a trust in a United States Court).

Accordingly, if (as presumed) Francis Campbell is an
unlicenced layperson, he may not represent the interests of the
Campbell Family Investment Trust.  If the Trust seeks to
participate as a litigant in this action, it must be represented
by counsel, who must enter a Notice of Appearance on behalf of
the Trust, in compliance with this Court's Local Rules. <u>See</u> Local
Rule 83.5.2(a).

VI.  <u>Plaintiff's Section 1983 Claims</u>

A.  <u>Robert Campbell Lacks Standing to Bring the
Complaint Because He Suffered No Actual Injury</u>

To the extent that the First Amended Complaint alleges the
deprivation of Campbell's own property rights, he lacks standing
to bring such a complaint.  According to the Complaint, Robert J.
Campbell does not own the property in question, nor does he
appear to be an authorized representative of the owner.  The
First Amended Complaint states that the land is deeded to the
Trust, and does not indicate that Campbell is a co-owner of the
property or a trustee of the Trust.  Compl. at ¶ 74.  Therefore
the action is subject to dismissal because Campbell lacks
standing to bring such a Complaint.

Moreover, even if Campbell had standing to bring suit, he fails to show that an actual property right guaranteed by the Constitution, has been abridged by any Defendants in this action. For a civil rights claim regarding zoning laws, the Plaintiff must show that his constitutional property right has been abridged.  See Chiplin Enterprises, Inc. v. City of Lebanon, 712 F.2d 1524, 1527 (1st Cir. 1983); Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 829 (1st Cir. 1982).  The Complaint states facts to the contrary.  Admittedly, Plaintiff spent both time and money to obtain planning and building permits, but ultimately those permits *were granted*.  See Complaint at ¶¶ 30, 94 & 144.  Therefore, since Campbell neither owns the property nor demonstrates that he was ultimately denied the use of that property, his claims are subject to dismissal.

B.    Available Adequate State Law Remedies Exist to
      Rectify Campbell's Procedural Due Process Claim

Even if Campbell were to establish standing, an adequate state law remedy appears to exist to rectify his claims.  To the extent that Campbell's claim is interpreted as a procedural due process claim, it is not yet ripe for determination in this Court, because adequate state law remedies appear to exist to rectify his alleged violations.  A plaintiff seeking relief regarding land use regulations cannot seek relief in federal court where adequate post-deprivation remedies exist under state law.  See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Parratt

13

v. Taylor, 451 U.S. 527, 541 (1981) overruled in part, Daniels v.
Williams, 474 U.S. 327 (1986).

The Supreme Court in Parratt held that where a state
provides a post-deprivation remedy in suits relating to unlawful
taking of property, the aggrieved person's procedural due process
rights are satisfied.  See Id.  Since it appears that Campbell
may seek redress in the state courts of Massachusetts under a
claim for inverse condemnation his procedural due process rights
are adequately protected by state law. See Williamson County
Regional Planning Commission v. Hamilton Bank of Johnson City,
473 U.S. 172, 186-87 (1985)(holding that where plaintiff had
failed to seek relief in Tennessee state court regarding zoning
laws, the cause of action was not ripe for federal judicial
determination.)

The First Circuit has held that a § 1983 takings claim is
not ripe until the plaintiff has sought remedy under state
inverse condemnation law.  See Ocha Realty Corp. v. Faria, 815
F.2d 812, 816-17 (1st Cir. (Puerto Rico) 1987) ("Since we have
held that exhaustion of state law remedies... is a precondition
to the maintenance of a federal damages action under the Takings
Clause ... we must perforce hold that the district court
correctly dismissed the Fifth Amendment claims for money damages
as premature.").  The First Circuit determined that even though
Puerto Rico did not have a specific inverse condemnation statute,

14

the judiciary had allowed causes of action and therefore the plaintiff had a remedy under state law.  See Id.

Unlike Puerto Rico, the Commonwealth of Massachusetts explicitly provides a damage remedy for inverse condemnation.  See M.G.L. c. 79 § 10.  It is not entirely clear, but it appears that Campbell has failed thus far to seek remedy under this statute, and therefore the case is not yet ripe for federal judicial review.

This District has had occasion to deal with this statutory scheme.  See Gilbert v. City of Cambridge, 745 F. Supp 42 (D. Mass. 1990).  In Gilbert, Judge Woodlock concluded that in addition to damages claims, plaintiffs could not seek any declaratory judgment until they have sought redress under the inverse condemnation statute.  Id. at 53 (regarding declaratory relief the Court stated that the "inquiry is effectively the equivalent of the damages inquiry which Williamson and Ochoa require to be deferred by the federal court until state proceedings are finalized.").  The Plaintiff landlords in Gilbert claimed that a Cambridge ordinance restricting their ability to remove their property from the rental market constituted a state taking.  Id. at 43.  Judge Woodlock found the claims to be time barred, and further noted that even if no time bar existed, the Court would refuse to use its discretion to hear the case because the Plaintiff had adequate state remedies available.  Id. at 51-

52.  Judge Woodlock's opinion states, "[t]he Massachusetts
inverse condemnation statute expressly provides for compensation
'[w]hen the real estate of any person has been taken.'  M.G.L. c.
79, §10.  'Mass.Gen.L. ch. 79, § 10 provides a specific statutory
remedy for governmental actions which amount to a taking without
formal condemnation proceedings.'"  <u>Id</u>. at 52.
Accordingly, unless Campbell demonstrates that no adequate state
law remedy exists, this Court would decline to use its
discretionary power to hear the case and to grant injunctive
relief.

    C.  <u>Statute of Limitations</u>

    In the alternative, should Campbell show that no adequate
state remedy exists, his claims may nevertheless be barred in
this Court, in view of the three-year statute of limitations on
civil rights actions.[3]

─────────────────

[3]Although there is no specified Statue of Limitations for
causes of action brought under federal civil rights laws, it is
well settled that the applicable state Statute of Limitations is
applied where the action is filed.  Thus, in federal civil rights
cases filed in this District, the applicable statute of
limitations is three years.  <u>Nieves v. McSweeney</u>, 241 F.3d 46,
52-53 (1st Cir. 2001) (§ 1983); <u>Johnson v. Rodriquez</u>, 943 F.2d
104, 107 (1st Cir. 1991) (§ 1981); <u>Govan v. Trustees of Boston
Univ</u>., 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§§ 1981, 1985). <u>See
also</u> <u>Owens v. Okure</u>, 488 U.S. 235 (1989); <u>Wilson v. Garcia</u>, 471
U.S. 261 (1985); <u>Street v. Vose</u>, 936 F.2d 38, 39 (1st  Cir. 1991)
(per curiam) (the Massachusetts three-year statute of limitations
applies to § 1983 actions).  <u>Cf</u>. <u>Rodriquez-Garcia v. Municipality
of Caguas</u>, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and
1985 borrow the forum state's statute of limitations for personal
injury claims); M.G.L. c. 260, § 2A (three-year statute of
limitations for personal injury claims).  Thus, as a threshold

This Circuit recognizes that "[a]lthough state law determines the tolling provisions of the applicable statute, it is federal law that determines when these constitutional claims accrue." Perez-Ruiz v. Crespo-Guillen, 847 F. Supp. 1, 2 (D. Puerto Rico 1993) aff'd 25 F.3d 40 (1st Cir. 1994) citing Edwards v. Sotomayor, 557 F. Supp. 209, 213 (D. Puerto Rico 1983) citing Walden III Inc. v. Rhode Island, 576 F.2d 945 (1st Cir. 1978); Singleton v. N.Y., 632 F.2d 185, 191 (2nd Cir.1980).  A §1983 cause of action accrues when the plaintiff knows, or has reason to know, of the injury which is the basis of the action; when facts supportive of a civil rights action are obvious, or should be obvious, to a reasonably prudent person similarly situated. Edwards, 557 F. Supp. at 214; Carreras-Rosa 127 F.3d 172, 174 (1st Cir. 1997).

Since this action was commenced on March 14, 2005, in order to escape the statutory bar, the acts giving rise to the present action must have arisen after March 13, 2002.  From the Plaintiff's detailed and exhaustive rendition of factual contentions, it appears that he knew or should have known of the alleged conspiracy well before March of 2002.  The last possible violation that may be construed from the Complaint is the Board of Zoning Appeal's denial of Campbell's request for a variance.

---

matter, if Campbell's claims were not brought within the three year limitations period after accrual, they are subject to dismissal.

17

This denial occurred on December 28, 2001.  Compl. ¶ 144.
Therefore, the latest possible time that Campbell could have
filed his Section 1983 Complaint was December 29, 2004.  However,
Campbell did not initiate this suit until March 14, 2005, almost
three months after the statute of limitations period expired.
Thus, Campbell's suit is subject to dismissal as barred by the
statute of limitations.

    D.    <u>Campbell's Complaint does not show a Substantive
Due Process violation</u>

    Even if this Court were to construe Campbell's assertions as
a substantive due process claim, his allegations are not
sufficient to warrant redress.  This is so, even where Campbell
claims that actions by officials were malicious and/or not in
accordance with state law.

    A substantive due process claim differs from a procedural
due process claim because it "implicates the essence of state
action rather than its modalities;  such a claim rests not on
perceived procedural deficiencies but on the idea that the
government's conduct, regardless of procedural swaddling, was in
itself impermissible."    <u>Amsden v. Moran</u>, 904 F.2d 748, 753 (D.
N.H. 1990).  For a claim of violation of substantive due process
the plaintiff must show that the "state action [] *in and of
itself* [is] egregiously unacceptable, outrageous, or conscience-
shocking."  <u>Id</u>. at 754.

This Circuit has held that a plaintiff's claims charging zoning officials with improper refusal of a subdivision plan did not rise "to the level of a violation of the Constitution of the United States." Creative Environments, Inc., 680 F.2d at 829. In that case, the plaintiffs claimed that the town laws were a "'distortion of the existing [state] statutory and regulatory scheme,'" and thus violated their substantive due process rights. Id. at 831. The Court rejected this argument, finding that:

> [W]ere such a theory to be accepted, any hope of maintaining a meaningful separation between federal and state jurisdiction in this and many other areas of law would be jettisoned. Virtually every alleged legal or procedural error of a local planning authority or zoning board of appeal could be brought to a federal court on the theory that the erroneous application of state law amounted to a taking of property without due process. Neither Congress nor the courts have, to date, indicated that section 1983 should have such a reach.

Id. See Chiplin Enterprises, Inc., 712 F.2d at 1527 ("The claim that denial of the permit was improperly motivated, unsupported by an allegation of the deprivation of a specific constitutional right, simply raises a matter of local concern, properly and fully reviewable [sic] in the state courts.").

Thus, Campbell's contentions of improper motives by the Defendants are insufficient to warrant redress at this time.

VII. Plaintiff's Other Civil Rights Claims

A.    Plaintiff's Section 1985 Claim

Section 1985 of Title 42 concerns conspiracies to violate

19

civil rights. Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office. Section 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses. Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Campbell fails to assert which subsections of § 1985 the defendants allegedly violated.  However, based on the facts as alleged, the Court finds no basis for a cause of action under subsections (1) or (3). Campbell makes no allegations that he ran for office, or that he is a member of a minority group. Therefore, the Complaint does not allege facts to constitute an action under these subsections.

Construing Campbell's assertion as an alleged violation of a conspiracy under § 1985(2), the claim is subject to dismissal for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

A complaint must meet the minimum requirements of Rule 8(a) of the Federal Rules of Civil Procedure requiring a plaintiff to include in their complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Coney v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodriguez v. Moral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educators PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Under § 1985(2), Campbell must plead a conspiracy between Town officials to impede, hinder, or obstruct justice, and that the Defendants did so with the intent to deny equal protection to Campbell, or to injure Campbell's person or property in retaliation for Campbell's enforcing his equal protection rights. See 42 U.S.C. § 1985(2).

While Campbell alleges a multitude of adverse actions taken against him with respect to his permit applications, he fails to demonstrate how these actions amounted to an intended conspiracy

21

to deprive him of his constitutional rights.  The mere conclusory allegation of a conspiracy, without more, is insufficient to state a legally cognizable claim.  Therefore, Campbell's § 1985 claim is subject to dismissal.

      B.    <u>Plaintiff's Section 1986 Claim</u>

A violation of § 1985 is a prerequisite to a § 1986 claim. Section 1986 provides that: "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented." 42 U.S.C. § 1986.  Thus, in order to state a claim under § 1986, Plaintiff must first establish a violation of § 1985, and claims which fail to do so must be dismissed.  <u>Canney v. City of Chelsea</u>, 925 F. Supp. 58, 68 (D. Mass. 1996).

Because no violation of § 1985 has been sufficiently pled, the § 1986 claim is not viable, and is therefore subject to dismissal.

VIII.    <u>This Court Lacks Jurisdiction to expunge Plaintiff's Criminal Record</u>

Plaintiff has set forth no factual or legal bases by which the jurisdiction of this Court could be invoked to grant his

request to expunge his criminal record.  Campbell does not claim
diversity jurisdiction over such claim, and it appears that
avenue is fruitless.  <u>See</u> 28 U.S.C. § 1332 (granting federal
court jurisdiction when opposing parties are from different
states).  His request also fails to adequately state an
independent federal statutory claim.  <u>See</u> 28 U.S.C. § 1331.
Since the request lacks any basis in federal law, there also
appears no basis for this Court to exercise supplementary
jurisdiction because there is no underlying federal claim to
anchor the state claims.  <u>See</u> 38 U.S.C. § 1367.  Moreover,
Campbell fails to provide any facts, circumstances, or arguments
to justify expungement of his criminal record by this Court.

      Campbell may have the right to seek expungement of his
record with the state court in which he was convicted, <u>see</u>, <u>e.g.</u>,
M.G.L. c. 276 § 100C; <u>Com. v. S.M.F.</u>, 40 Mass. App. Ct. 42, 660
N.E.2d 701 (1996)(comparing court's authority to seal records
versus expungement of records), however, since he has failed to
provide any factual information with respect to his criminal
record, the Court will not address those procedures.

      Accordingly, for the reasons stated above, Campbell's
request that this Court expunge his record is denied.

IX.   <u>State Law Based Claims</u>

      To the extent that Campbell asserts any state based claims
(which are not clearly set forth in the First Amended Complaint),

23

this Court would decline to exercise supplemental jurisdiction, in light of the deficiencies addressed herein.

CONCLUSION

Based on the foregoing, it is hereby Ordered:

1.  Robert J. Campbell's Motion For Leave to Amend the Complaint is granted; the clerk is directed to file the Amended Complaint as the "First Amended Complaint" and is directed to delete and add parties as outlined in Section I of this order;

2.  Robert J. Campbell's Application to Proceed Without Prepayment of Fees is denied without prejudice, and Campbell may submit a new application containing a detailed financial statement along with his show cause statement within 35 days of the date of this memorandum and order;

3.  This action shall be dismissed unless Plaintiff(s) show good cause within thirty-five (35) days of the date of this Memorandum and Order why the claims should not be dismissed for the reasons stated herein;

4.  The Campbell Family Investment Trust is dismissed as a Co-Plaintiff in this action, without prejudice, for failure to pay the filing fee and for failure to sign the complaint. The Trustees Application to Proceed Without Prepayment of Fees is denied; and

5.  Robert J. Campbell's request to expunge his criminal record is denied.


SO ORDERED.

Dated: June 27, 2005          /s/ William G. Young
                              WILLIAM G. YOUNG
                              CHIEF, UNITED STATES DISTRICT JUDGE