UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. CAMPBELL & <br> THE CAMPBELL FAMILY <br> INVESTMENT TRUST, <br>           Plaintiffs, <br> <br> v. <br> <br> TOWN OF WEYMOUTH, ET AL., <br>           Defendants | )<br>)<br>)<br>)          C.A. No. 05-10620-WGY<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

For the reasons stated herein: (1) Robert J. Campbell's ("Campbell") renewed Application to proceed without prepayment of fees is denied; (2) Campbell shall pay the $125.00 apportioned filing fee within thirty-five (35) days; failing which this action shall be dismissed; (3) Campbell may not amend the Second Amended Complaint absent leave of Court upon a showing of good cause for further amendment; (4) If Campbell pays the filing fee, summonses shall issue; (5) The Notice of Appearance filed by Attorney Edward P. Clancy (#11) is Stricken, without prejudice; and (6) The Campbell Family Investment Trust ("Trust") shall be dismissed as a co-plaintiff in this action unless, within thirty-five (35) days, (a) a Notice of Appearance by duly-licensed counsel representing the Trust is filed which comports with this Order; and (b) the Trust pays the $125.00 apportioned filing fee.

BACKGROUND

On March 14, 2005, Plaintiff Robert J. Campbell ("Campbell") filed a *pro se* Complaint alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986, claiming that Defendants, zoning board members and affiliates, violated his due process rights and his right to "freedom from repression," with respect to the issuance of zoning and building permits for a day-care center. Accompanying his Complaint was an Application to Proceed Without Prepayment of Fees.

On June 24, 2005, a Memorandum and Order (#9) entered denying Plaintiff's Application to Proceed *in forma pauperis*, without prejudice to renew, upon a further submission of detailed financial information. The Order also provided that the co-Plaintiff Family Campbell Investment Trust would not be deemed to be a Plaintiff in this action, absent the payment of the filing fee and appearance by counsel. Finally, the Memorandum and Order directed the Plaintiff to show cause why the action should not be dismissed, for the reasons stated therein.

On August 1, 2005, Plaintiff filed a *pro se* response to the June 24th Memorandum and Order, and a renewed Application to Proceed *in forma pauperis*, with further financial disclosures. Also filed was a Second Amended Complaint (#12) which is signed by Trustee Frances Campbell on behalf of the Trust. That Amended Complaint also deletes the Plaintiff's request to expunge his criminal record, in accordance with the Court's ruling denying this request.

Finally, On August 1, 2005, a Notice of Appearance by Attorney Edward P. Clancy was filed on behalf of the Trust.

ANALYSIS

I.   Campbell's Application to Proceed *In Forma Pauperis*

Campbell's renewed Application to Proceed Without Prepayment of Fees is denied, because he has made an insufficient showing that he lacks funds to pay the filing fee. By his own admission, Plaintiff Campbell indicates he has equity in real and personal property ( a house in N. Weymouth, a Geo Storm, and a boat with trailer), which totals $115,310.38. He also indicates he is temporarily employed with contracting assignments, earning $728 per week ($37,856 per year), and his wife received unemployment of $5,880.00 in 2005. He further

concedes he received income from gifts, totaling $2700, and has an Equity Line from the Campbell Family Investment Trust, of approximately $450 per month.

Campbell has attempted to underplay his assets by stating that his personal property is damaged and not operational, that his house is in foreclosure, and that he is unable to refinance due to multiple bankruptcy filings and inconsistent employment. He references several Chapter 13 bankruptcy filings which were dismissed in the past year. Campbell fails to provide information as to whether he has any available credit card credit available.[1]

In short, Campbell has not sufficiently demonstrated to this Court that he is without sufficient funds to pay the $125.00 filing fee[2] notwithstanding his credit setbacks in recent history. A litigant who has a net worth in excess of $115,000 and who is earning $728 per week and who has an equity line of credit of $450.00 per month, cannot be deemed to be indigent for purposes of avoiding a filing fee payment. While the denial of *in forma pauperis* status may force Campbell to make some hard choices with respect to prosecution of this litigation, it cannot be said that requiring him to pay a reduced (apportioned) share of the filing fee would force him to choose between foregoing his claims or foregoing the necessities of life. See, e.g., Fridman v. The City of New York, 195 F. Supp. at 538. See also, Montiel v. Wyndham Anatole Hotel, 2003 WL 22595820 (N.D. Tex. 2003)(magistrate judge recommending *in forma pauperis* application

---

[1]The Clerk's Office accepts credit card payments of the filing fee for civil actions, thus making installment payments through credit card payments an option for a litigant who cannot easily liquidate other real or personal property.

[2]Notwithstanding that Campbell Family Investment Trust's appearance as a co-plaintiff is not recognized by the Court at this time, for the reasons stated herein, the filing fee is nevertheless apportioned between Robert J. Campbell and the Trust. Campbell's share of the filing fee is $125.00, as is the Trust's.

be denied where plaintiff earned $1,120 per month, spouse earned $2,240 per month, and they had $700 in checking account); Ponder v. Schultz, 2002 WL 31114054 (N.D. Tex. 2002)(magistrate judge recommending *in forma pauperis* application be denied where plaintiff earned $1,600 per month, spouse earned $1,276 in unemployment benefits per month).

Accordingly, Campbell's Application to Proceed *in forma pauperis* is denied. He shall pay the $125.00 filing fee assessed to him within thirty-five (35) days of the date of this Memorandum and Order, or this action shall be dismissed.

II.     Issuance of Summonses; Dismissal of State Law Claims

In his show cause response (#10), Campbell seeks leave to pursue his land-use and state civil rights claims in the Massachusetts Land Court (docket # 280041), and to pursue his federal claims in this action. Because Campbell has provided a sufficient show cause response to the June 24th Memorandum and Order to raise factual issues, this Court will permit summonses to issue for service of process of the Second Amended Complaint (#12) by Campbell, provided he pays the $125.00 fee. If summonses issue, the Court will not authorize free service by the United States Marshal, and Plaintiff must arrange for service of process in accordance with this Court's Local Rules and the Federal Rules of Civil Procedure (see Rules 4 and 5). Additionally, if summonses issue, Campbell is Ordered to serve a copy of the June 24th Memorandum and Order on each of the Defendants, as well as this Memorandum and Order, along with the Second Amended Complaint.

III.    No Further Amendments to the Complaint Are Permitted Absent Good Cause Shown

4

At this juncture, Plaintiff Campbell has sought to Amend his Complaint twice, and this Court has given leave for the First Amended Complaint to be filed. Although Plaintiff has not sought leave to file the Second Amended Complaint, given that Plaintiff has indicated the Second Amended Complaint attempts to comport with the June 24th Memorandum and Order, the Court will permit the filing of the Second Amended Complaint (#12). However, at some point the Plaintiff must be held to the choices he makes with respect to pleadings in this case, and that time has come. Further, in the interests of judicial economy, the Second Amended Complaint is deemed to be the operative pleading in this action, and this Court will not permit further amendments to the Second Amended Complaint absent a showing by Plaintiff of good cause for any further proposed amendments, and why the proposed changes could not have been included previously.

IV.   Attorney Edward P. Clancy's Appearance as Counsel for the Trust is Stricken

In the August 1, 2005, Attorney Clancy filed a Notice of Appearance (#11) on behalf of the Trust. First, the Notice of Appearance indicates "Commonwealth of Massachusetts/United States District Court." Second, the Notice states:

> Due to the late date of my retention (July 29, 2005), I have not had an opportunity to adequately review the facts involved in my client's claims. The immediacy of the situation regarding the Court's Memorandum and Order of June 27, 2005, however, compelled me to file an appearance, if only to preserve its standing and/or rights.
>
> I have informed Frances Campbell, Trustee for The Campbell Family Investment Trust, that my continued representation will be contingent upon a complete review of the claims.

Notice of Appearance (Docket #11).

5

Based on this restricted appearance "if only to preserve [the Trust's] standing or rights," the Court questions the lack of *bona fide* intention of counsel to represent the Trust in this action, and concomitantly, the *bona fide* intention of the Trust to have counsel appear on its behalf. Additionally, the Appearance seems to indicate counsel's intent not to represent the Trust upon a complete review of the claims. Such statement has Rule 11 implications.

> Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:
>
> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> A.(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11

Moreover, Attorney Clancy's statements indicate a unilateral decision to withdraw representation if he so wishes, after a further review of the claims. The Court notes that such practice is not sanctioned by this Court's Local Rules. Local Rule 83.5.2 (c) provides:

> **(c) Withdrawal of Appearance.** An attorney may withdraw from a case by serving notice of his withdrawal on his client and all other parties and filing the notice, provided that (1) such notice is preceded or accompanied by notice of the appearance of other counsel; (2) there are no motions pending before the court; (3) no trial date has been set; and (4) no hearings or conferences are scheduled, and no reports, oral or written, are due. Unless these conditions are met, an attorney (including one whose services have been terminated by his client) may withdraw from a case only by leave of court.

Id.   In view of the above, the Court will not permit this Notice of Appearance merely as a way of "buying time" for the Trust.

Accordingly, the Notice of Appearance by Attorney Clancy shall be Stricken. This is without prejudice to re-filing a Notice of Appearance within thirty-five (35) days of the date of this Memorandum and Order, by Attorney Clancy, or any other counsel wishing to enter an Appearance on behalf of the Trust. Such Notice of Appearance shall also state the following:

1. Counsel has reviewed the Second Amended Complaint and has a good faith basis to assert the claims stated therein on behalf of the Trust; and

2. Counsel is filing the Notice of Appearance with a good faith intention to continue representation of the Trust throughout the course of the litigation.

Finally, as more fully discussed in the June 24th Memorandum and Order, the Trust must be represented by counsel, and cannot appear *pro se.* Because at this time the Court does not recognize that the Trust is represented by counsel, it is hereby Ordered that the Trust shall be dismissed from this action within thirty-five (35) days of the date of this Memorandum and Order, unless a Notice of Appearance by a duly licensed attorney is filed, comporting with the parameters outlined above.

V.   Failure of the Trust to Pay the Filing Fee

Although it appears attempts have been made to comply with the June 24th Memorandum and Order, the docket does not reflect that the Trust has paid the filing fee for civil actions.  As noted in the prior Memorandum and Order, the Trust is not an entity entitled to in forma pauperis status, and therefore must pay the filing fee.  However, since it is the practice of this Court to apportion the filing fee amongst the Plaintiffs, the Trust's share is deemed to be $125.00.

Accordingly, it is hereby Ordered that the Trust shall pay the $125 filing fee within thirty-five (35) days; failing which, the Trust shall be dismissed from this action.

## CONCLUSION

In view of the foregoing, it is hereby ORDERED:

1. Campbell's renewed Application to proceed without prepayment of fees (#13) is denied;

2. Campbell shall pay the $125.00 apportioned filing fee within thirty-five (35) days; failing which this action shall be dismissed;

3. Campbell may not amend the Second Amended Complaint absent leave of Court upon a showing of good cause for further amendment;

4. If Campbell pays the filing fee, summonses shall issue. The Court will not authorize free service of process by the United States Marshal.

5. The Notice of Appearance filed by Attorney Edward P. Clancy (#11) is Stricken, without prejudice;

6. The Campbell Family Investment Trust shall be dismissed as a co-plaintiff in this action unless, within thirty-five (35) days, (a) a Notice of Appearance by duly-licensed counsel representing the Trust is filed which comports with this Order; and (b) the Trust pays the $125.00 apportioned filing fee.

SO ORDERED.                          /s/ William G. Young  
                                     WILLIAM G. YOUNG  
Dated: August 19, 2005               CHIEF, UNITED STATES DISTRICT JUDGE