UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. CAMPBELL, and<br>THE CAMPBELL FAMILY INVESTMENT TRUST,<br><br>                    Plaintiffs<br><br>v.<br><br>TOWN OF WEYMOUTH, AND<br>PAUL M. DILLON, MARY SUE RYAN,<br>SUSAN ABBOTT, PAUL F. LYNCH, individually and<br>as members of the WEYMOUTH PLANNING BOARD,<br>and JAMES CLARKE individually and as Director<br>of Planning and Community Development, and<br>JEFFREY R. COATES, individually and as Director of<br>Municipal Liens and Licenses, and<br>MARY S. MCELROY, FRANCIS O'BRIEN,<br>EDWARD FOLEY, MARTIN JOYCE,<br>STANLEY ELKERTON, individually and as members of<br>the WEYMOUTH BOARD OF ZONING APPEALS, and<br>OFFICER MICHAEL NASUTI, individually and as a<br>member of the WEYMOUTH POLICE DEPARTMENT,<br>and SANDRA GILDEA, and RUTH S. AMOS,<br>individually, and WILLIAM RYAN, individually and as a<br>member of the WEYMOUTH BOARD OF SELECTMEN,<br><br>                    Defendants | Civil Action No. 05-10620-WGY |

**DEFENDANT RUTH S. AMOS' MOTION TO DISMISS UNDER
FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)
AND IN ACCORDANCE WITH M.G.L. c 231, §59H**

NOW COMES the Defendant Ruth S. Amos and moves that this Honorable Court dismiss the Plaintiffs' Complaint as to the Defendant Ruth S. Amos by reason of the Plaintiffs' failure to state a claim upon which relief can be granted and the Plaintiff, by filing the matter in the Federal

Court is seeking to avoid the provisions of M.G.L. c. 231, §59H commonly known as the anti-SLAPP (strategic litigation against public participation) statute.

A careful review of the extensive allegations contained in the Plaintiff's Complaint indicate that the only allegations contained in the Plaintiffs' Complaint referable to the said Defendant Ruth S. Amos are found in Paragraphs 51, 52, and 53.

In Paragraph 51 of the Complaint, the Plaintiffs indicate that the Defendant Ruth S. Amos, a/k/a Sandy Amos was in a hallway outside the apartment of some third party in a conversation with a Weymouth Police Officer (subsequently identified as Defendant Michael Nasuti).

A review of Paragraph 51 of the Complaint merely identifies the Defendant Amos as being someone in a conversation with the Defendant Police Officer Nasuti. The Plaintiffs do not allege any statements attributed to the Defendant Amos in this paragraph.

Paragraph 52 makes a reference to a statement by the Defendant Police Officer, however, does not allege that the Defendant Amos made any statements.

Finally, Paragraph 53 makes a general statement about the Plaintiffs' mother, however, does not attribute any statements to the Defendant Amos. That is the total extent of the reference to the Defendant Amos in the Plaintiffs' Complaint.

In considering a Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must accept all facts pleaded as true, view them in the light most favorable to the Plaintiff and draw any reasonable inference from them in that parties favor Garita Hotel Limited Partnership v. Ponce Federal Bank, 958 F.2nd 15, 17 (1st Cir. 1992). However, the Court will not rely on "bald assertions, unsupportable conclusions, and opprobrious epithets. Chongris v. Board of Appeals, 811 F.2nd 36, 37 (1st Cir. 1987). Even accepting the facts asserted in the paragraphs cited above, the Plaintiff has failed to make any allegations that prove or suggest that the Defendant violated the Plaintiffs' constitutional rights in any form or fashion.

On the other hand, the Defendant Amos' Motion to Dismiss under Rule 12(b)(6) should be granted where "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief" Connelly v. Gibson, 355 U.S. 41, 45-46 (1957). As stated, not only has the Plaintiff failed to make any allegations that the Defendant Amos participated in statements that would be considered a violation of a persons constitutional rights, but also there are absolutely no statements attributable to the Defendant. The closest that the Plaintiffs come to showing a statement by the Defendant Amos is in Paragraph 53 wherein the Plaintiffs state "the discussion also included ..." however, that was a reference to the Plaintiffs' mother who is not a party to this Complaint and nothing in the allegations in Paragraph 53 assert an actionable claim.

By filing this action in the Federal District Court, the Plaintiffs seek to avoid the Defendants' rights under M.G.L. c. 231, §59H. That statute provides certain Defendants the right to file a special Motion to Dismiss when a Defendant can assert that the civil claims against said Defendant are based upon the Defendants' exercise of its right of petition under the constitution of the United States or of the Commonwealth, said party may bring a special motion to dismiss. A review of a Massachusetts Superior Court Decision (Walker, Joseph M., J) in Fromm v. Boston Redevelopment Authority, No. 032951F, (Ma. Super. May 13, 2005) provides the reader with a well reasoned argument as to why the legislature enacted G.L. c. 231, §59H. Motions to Dismiss filed under said law must establish four criteria: (1) a civil complaint or counterclaim for monetary damages or injunction; (2) filed against non-governmental individuals or groups; (3) because of their communications to a government body, official, or the electorate; and (4) on an issue of some public interest or concern. Citing Pring, SLAPPS: Strategic Law Suits Against Public Participation; 7 Pace; Envtl. L. Rev. 3, 5 (1989). Clearly, Defendant Amos was acting in her roll as a concerned neighbor; her participation in any conversation with another concerned citizen would be protected under the anti-SLAPP (so called) statute. A review of the allegations demonstrate that although the

3

Defendant Police Officer Nasuti was in his uniform when speaking with the Defendant Amos, he is a neighbor to the property, and therefore, even Defendant Nasutis' statements should be protected under the anti-SLAPP statute.

                                    RUTH S. AMOS

                                    By her attorney,

                                    _____
                                    GREGORY F. GALVIN
                                    BBO #183920
                                    775 Pleasant Street, Unit 16
                                    Weymouth, MA  02189
                                    781-340-5335

Dated: February 6, 2006

## CERTIFICATE OF SERVICE

I, Gregory F. Galvin, hereby certify that I have, this date, served the foregoing Defendant Ruth S. Amos' Motion to Dismiss Under Federal Rules of Civil Procedure, Rule 12(b)(6) and in Accordance With M.G.L. c. 231, §51H, by mailing, postage prepaid, a copy of the same to Robert J. Campbell at 50 Squanto Road, North Weymouth, MA 02191, Francis Campbell, Trustee of The Campbell Family Investment Trust at 47 Dock Road, P.O. Box 906, Belmont, NH 03220-906 and George E. Lane, Jr., Esq., 87 Broad Street, Weymouth, MA 02188.

DATED: February 6, 2006

GREGORY F. GALVIN
BBO #183920
775 Pleasant Street, Unit 16
Weymouth, MA 02189
781-340-5335