UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10620-WGY

|  |  |
|---|---|
| ROBERT J. CAMPBELL, et al.<br>　　　　Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| TOWN OF WEYMOUTH, et al.<br>　　　　Defendants. | )<br>)<br>) |

### DEFENDANTS TOWN OF WEYMOUTH, DILLON, RYAN, ABBOTT, LYNCH, CLARKE, COATES, MCELROY, O'BRIEN, FOLEY, JOYCE, ELKERTON, NASUTI and RYAN'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

NOW COME Defendants Town of Weymouth, Paul M. Dillon, Mary Sue Ryan, Susan Abbott, Paul F. Lynch, James Clarke, Jeffrey R. Coates, Mary S. McElroy, Francis O'Brien, Edward Foley, Martin Joyce, Stanley Elkerton, Michael Nasuti and William Ryan and respectfully move the Court to dismiss the Plaintiff's Second Amended Complaint because none of the claims asserted therein state a claim against these Defendants upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  As grounds for this motion, the Defendants state that all of the conduct alleged against these Defendants occurred more than three (3) years before the Plaintiff filed his Complaint on March 14, 2005, and therefore the Plaintiff's claims against the Defendants are untimely, time barred and subject to dismissal.

As further grounds for this motion, the Defendants state that the Plaintiff's claims under 42 U.S.C., § 1983 based on the Defendants' alleged deprivation of the Plaintiff's due process rights must be dismissed for failure to state a claim upon which relief can be granted.  The Plaintiff has not alleged a cognizable deprivation or due process because he has not alleged nor

can he prove that he has a federally protected property or liberty interest in the relief which he sought from the Defendant municipality and its employees.  Moreover, the Plaintiff has not alleged a compensable deprivation of procedural due process because he has not alleged nor can he prove the absence of an adequate post deprivation remedy under state law.  The Plaintiff's allegations do not amount to a colorable deprivation of substantive due process.

The Plaintiff's claim against Defendant Nasuti does not state a claim against Nasuti under § 1983 upon which relief can be granted because the Plaintiff's claim that Nasuti has increased his presence in the Plaintiff's neighborhood since the Plaintiff filed affidavits concerning Nasuti does not alleged a deprivation of any federally protected civil right.

The Court should dismiss the Plaintiff's purported claims under 42 U.S.C., §§ 1985 and 1986 because neither states a claim upon which relief can be granted.  Even provided with an opportunity to amend its Complaint to plead a viable claim under these sections in response to the Court's show cause order, the Plaintiff failed or declined to amend the claims under these sections to state a comprehensible and viable claim.

The Defendants' memorandum in support of this motion to dismiss is filed with this motion.

WHEREFORE, these Defendants respectfully move the Court to dismiss the Second Amended Complaint.

**REQUEST FOR ORAL ARGUMENT**

The Defendants respectfully request oral argument of their motion.

        Respectfully submitted,

        Defendants,
        TOWN OF WEYMOUTH, PAUL M. DILLON, MARY SUE RYAN, SUSAN ABBOTT, PAUL F. LYNCH, JAMES CLARKE, JEFFREY R. COATES, MARY S. MCELROY, FRANCIS O'BRIEN, EDWARD FOLEY, MARTIN JOYCE, STANLEY ELKERTON, MICHAEL NASUTI and WILLIAM RYAN,
        By their attorney,

        /s/ William P. Breen, Jr.
        William P. Breen, Jr., Esq. BBO # 558768
        MURPHY, HESSE, TOOMEY & LEHANE, LLP
        300 Crown Colony Drive, Suite 410
        Quincy, MA 02169
        (617) 479-5000

Dated: February 26, 2006

Certification Pursuant to Local Rule 7.1

    The undersigned attorney certifies that prior to filing the above motion, he conferred in good faith with the Plaintiff to narrow the issues raised by this motion.

        /s/ William P. Breen, Jr.

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 27, 2006.

/s/ William P. Breen, Jr.