UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Robert J. Campbell,
      *Plaintiff,*

V.

Town of Weymouth, et al
      *Defendants*

CIVIL ACTION
NO.05-10620-WGY

## PLAINTIFF'S OPPOSITION TO DEFENDANT AMOS' MOTION TO DISMISS and MOTION TO AMEND COMPLAINT TO CONFORM TO THE EVIDENCE IN ACCORDANCE WITH FEDERAL RULES OF CIVIL PROCEDURE, RULE 15(b)

Now comes the Plaintiff, Robert J. Campbell, ["Campbell"] with the following statement

opposing the Defendant Ruth S. Amos' ("Amos") Motion to Dismiss, dated February 6,

2006, and a Motion To Amend the Complaint to Conform to the Evidence, as allowed by

Fed. Rules Civ. Proc.(FRCP), Rule 15(b).

On February 6, 2006, through Counsel, Amos filed a Motion To Dismiss under FRCP,

Rule 12(b)(6), suggesting that Campbell failed to state a claim upon which relief can be

granted. Amos implies further that the instant action was filed in This Honorable Court to

avoid the provisions of Massachusetts General Law (M.G.L.) c. 231, §59H, commonly

known as the anti-SLAPP[1] statute.

Campbell refutes these assertions and insists that although the Complaint may be faulty,

amateurish, and unartfully pleaded, there is merit to the claims against Amos and all other

---

[1] SLAPP is an acronym for Strategic Litigation Against Public Participation.

Page 1 of 13

Defendants, and that substantial evidence exists to support them. Indeed, through this

action and in accordance with FRCP, Rule 11(b)(3), Campbell has certified to This Court

"...that to the best of {his} knowledge, information, and belief, formed after

an inquiry reasonable under the circumstances,...the allegations and other

factual contentions have evidentiary support or, if specifically so identified,

are likely to have evidentiary support after a reasonable opportunity for

further investigation or discovery."


Amos argues first that dismissal under Rule 12 (b)(6) should be granted where "it appears

beyond doubt that the Plaintiff can prove no set of facts in support of his claim which

would entitle him to relief" _Conley v Gibson_, 355 U.S. 41, 45-46 (1957). That contention

relies primarily on the fact that the complaint does not attribute any statements

specifically to the Defendant, but refers only to Amos's participation in a conversation

with a municipal employee discussing strategic options to oppose Campbell's project.

The Plaintiff's claims against Amos arise from both the conversation and her

implementation of those options, proof of which will be born out through further

discovery.


As noted in _Conley_, 355 U.S., at 46, "the Federal Rules of Civil Procedure do not require

a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all

the Rules require is "a short and plain statement of the claim" that will give the Defendant

fair notice of what the Plaintiff's claim is and the grounds upon which it rests." {emphasis

included in citation—with footnote reference to FRCP, Rule 8 (a)(2)}. Clearly, the

Plaintiff is entitled to relief from the injuries caused by Amos and others to deny him the right to use and enjoy his property.

The Supreme Court went on to say in *Conley*, 355 U.S., at 46, that "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The fallacy in the Defendant's reasoning is obvious since the pleading acknowledges that Amos was a participant in a conversation with a Weymouth Police Officer in uniform (*Ibid.* at 51). Furthermore, the Motion makes no attempt to dispute that they discussed information and actions that could be used to have the permits denied (*Ibid.* at 51); that the conversation specifically included Campbell's criminal history (*Ibid.* at 52); and that this information was made known to members of the Planning Board (*Ibid.* at 65).

Without doubt, this clandestine meeting and the ensuing actions of Amos and her (previously) unnamed co-conspirator, served as the sole impetus and misbegotten justification for subsequent actions by the Planning Board and other Defendants. Campbell insists that discovery will produce relevant and conclusive evidence supporting the claims, proving the charges that Amos and other Defendants violated and conspired to violate Campbell's civil rights, and will ultimately show that these acts were willful, wanton and malicious in nature.

Where substantial evidence of complicity and specific actions does exist and was previously submitted to the Land Court, it is most presumptuous for the defense to conclude that "it appears beyond doubt that the Plaintiff can prove no set of facts in

support of his claim..". Substantial evidence means "more than a mere scintilla. It means

such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." _Richardson v. Perales_, 402 U.S. 389, 401 (1971). " [w]here there is such

relevant evidence as reasonable minds might accept as adequate to support a conclusion

even if it is possible to draw two inconsistent conclusions from the evidence." _Landes v._

_Royal_, 833 F.2d 1365, 1371 (9th Cir. 1987) "While substantial evidence may consist of

inferences, such inferences must be 'a product of logic and reason' and 'must rest on the

evidence' ; inferences that are the result of mere speculation or conjecture cannot support

a finding ." (_Kuhn v. Department of General Services_ (1994) 22 Cal.App.4th 1627, 1633.

Amos's second reason for dismissal implies that this action was filed in The United

States District Court with the intent of circumventing the Massachusetts anti-SLAPP

statute, M.G.L. c.231, §59H, thereby denying her rights to protection against civil claims.

The anti-SLAPP statute was enacted to provide Defendants with the right to bring a

special motion to dismiss when the claims against that party are based on said party's

exercise of its right of petition under the Constitutions of the United States or the

Commonwealth. The legislation allows the courts to advance any such motion so that it

may be heard as expeditiously as possible. Additionally, all discovery proceedings are

immediately stayed upon filing of such motion, and the movant receives a compulsory

award of costs and fees if the motion is granted.

The legislation further requires the courts to grant the motion unless the non-moving

party can show that: "(1) the moving party's exercise of its right to petition was devoid of

any reasonable factual support or any arguable basis in law and (2) the moving party's

acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the fact upon which the liability or defense is based." It should be noted here that Amos makes no such special motion and provides no affidavit to support such a defense, but claims "…her participation in any conversation with another concerned citizen would be protected under the anti-SLAPP (so-called) statute." {emphasis added}

Additionally, Amos claims "…that although the Defendant Police Officer Nasuti was in his uniform when speaking with the Defendant Amos, he is a neighbor to the property, and therefore, even Defendant Nasutis' statements should be protected under the anti-SLAPP statute." At first glance, this misinterpretation of the anti-SLAPP protections may actually appear to be a reasonable argument for the defense, but under scrutiny, the application of this statute, in the given circumstances, is sufficiently defective that it cannot survive.

Notwithstanding the recent decision in *Stuborn Ltd P'ship v Bernstein* (2003 DC Mass) 245 F Supp 2d 312, an action which was removed to the Federal court, This Court found that "…federal procedures governing dismissal applied," since "The special motion provision of ALM GL c.231, §59H…is predominantly procedural in nature, and it directly conflicts with the Federal Rules of Civil Procedure." As if the defense would have This Court believe that there may some entitlement to the protections of the Anti-SLAPP law on remand, the Plaintiff would like to identify substantial deficiencies in its application to the instant case.

"Since the statute is intended to immunize parties from claims "based on" their petitioning activities, the Supreme Judicial Court {SJC} has adopted a construction of "based on" that excludes motions brought against meritorious claims with a substantial basis other than or in addition to those petitioning activities." *Wynne v Creigle*, 63 Mass. App. Ct. 246 (at 167);825 N.E.2d 559;2005 Mass. App. LEXIS 362;22 I.E.R. Cas. (BNA) 1274 (2005) {emphasis included in citation} "The special movant, therefore must make a threshold showing through pleadings and affidavits that the claims against it are "based on" its protected petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." *Wynne* at 167-168 Since Amos fails to make the initial threshold showing that the claims against her are "based on the protected petitioning activities alone, and have no substantial basis other than or in addition to the petitioning activities," the two-part statutory test to sustain the motion is not reached, and the motion must fail.

Furthermore, "…the {SJC} has recently clarified that the protection of the statute extends only to petitioning in a constitutional sense, that is activities that involve a seeking from the government of a redress of one's own grievances or otherwise petitioning on one's own behalf." *Wynne* at 168, citing *Kobrin v Gastfriend*, 433 Mass. 327, 335, 821 N.E.2d 60 (2005), supra at 330. Campbell makes no mention in the Complaint of Amos' {constitutional} petitioning activities, although the Documents Affidavit in Support of Plaintiff's Motion To Amend, describes those efforts in detail (See Affidavit discussion pages 11-12). A representative sample of Amos' efforts includes twenty (20) pages of correspondence with local and state officials, fliers and petitions in Attachment "P" of the Affidavit.

The Defendant claims that a conversation with "another concerned citizen" is, in some far reaching form, a petition to the government {to redress her own grievances or own her behalf}. The only possible way that any private conversation could be construed in that manner is if the other participant in the conversation was acting in some "official capacity" {e.g. as a municipal employee}. Since Officer Nasuti was on duty and in uniform when the conversation occurred, it remains remotely possible that he was acting as a "relevant government official", duly authorized to represent the Town in the proceedings that concerned Ms Amos. More likely, and as the defense explicitly states, Officer Nasuti "is a neighbor" participating in a conversation as another concerned citizen, whose "statements should be protected under the Anti-SLAPP statute".

Where Officer Nasuti is a member of the Police Department and not the Planning Department or Zoning Board, it's unfathomable that he serves the two latter organizations in any official capacity, or is in any way an authorized representative to address citizen's grievances on Zoning and Permitting issues. The most logical conclusion is that Nasuti's only concern was with his own {financial} interests, and not with either Amos' rights to partition, or his employer's interests in the proceedings. Again, the defense's argument fails since the conversation cannot be considered a petition of either party, by any stretch of the imagination.

The most disturbing aspect of this exchange and the strongest argument against Amos' claims, is that Officer Nasuti is prohibited from involvement on any level by the State Ethics and Conflict of Interest Laws, defined by M.G.L. c.268A . As a municipal

employee, Nasuti is specifically prohibited by M.G.L. c.268A, §19(a), from participating

as an official, in any such matter which affects his personal financial interest {e.g. the

value of his home}, or to use or attempt to use his official position to secure for himself

or others unwarranted privileges or exemptions which are not available to similarly

situated individuals. See M.G.L. c.268A, §23(b)(2).

Furthermore, M.G.L. c.268A, §17(c), prohibits Nasuti from representing any other group

or individual in any matter in which his employer {the Town} has an interest (e.g. Public

Hearings on Zoning or Permitting issues), or improperly disclosing materials or data

acquired by him in the course of his official duties or using such information to further

his personal interests. See M.G.L. c.268A, §23(c)(2).

As a "law enforcement official", Nasuti is bound to enforce and uphold {all} the law(s),

having sworn to do so in the course of his regular duties, an oath which cannot be cast

aside at the end of his shift in order to pursue his personal agenda. Given that Nasuti

initiated contact with the Plaintiff regarding the planned use of the property and

deliberately and continuously chose to participate in this matter publicly, privately and in

an official capacity, with willful disregard for the prohibitions against such acts, it is

unlikely that he can claim protection under any right to petition. It is also probable that

such choices will nullify any immunity claim that is afforded public officials for actions

within the normal course of their assigned duties.

At the most, the statements made by the Amos constitute an admission that she

participated in a conversation with Defendant Officer Nasuti, while in uniform {and

while on duty, *Id.* At 54}. The Court should recognize that nowhere in the Complaint did

Campbell identify, speculate on or allude to the true identity of the other participant in the

conversation with Amos, referring only to "...a Weymouth Police Officer [in uniform]"

*Id.* at 51. The Plaintiff accepts this statement as an admission for future use in these

proceedings, and requests This Court allow it as such.

Verily, the record thus far indicates that Campbell made every reasonable effort which

may expected from an unlicensed layperson, to incorporate sufficient detail in drafting an

acceptable pleading that addresses the wide scope of issues presented in this case, while

conforming with the statutory requirements and the FRCP. Along this line, the Plaintiff

intended to remove the action from the Massachusetts Land Court ("Land Court"),

Docket #280041[2] and incorporate federal questions, once the full Cause of Action was

realized through Discovery in that case.

In so doing, Campbell relied on This Honorable Court's publication, STEP BY STEP, A

SIMPLE GUIDE TO FILING A CIVIL ACTION IN THE UNITED STATES

DISTRICT COURT, DISTRICT OF MASSACHUSETTS, dated MAY 2002, which does

not differentiate between filing an "original complaint" (See *Id.* at 21.) and a "Notice of

Removal" (See Plaintiff's Civil Cover Sheet, Section V. Origin, Box 2 Checked-

"Removal From State Court"). In a good faith effort to comply with the Procedure for

Removal under Title 28 U.S.C. § 1446, Campbell then drafted a Notice of Removal to

the Land Court on February 17, 2006 and attempted to file such with the Clerk of This

Court on that date. Upon presentation, Campbell was advised that Notice of Removal was

---

[2] In the Land Court action, Campbell was also proceeding Pro Se.

inapplicable to the instant case since the Court considers the action to be an original complaint.

Even assuming arguendo, that Campbell's efforts fail to meet the minimum standard required by FRCP, Rule 10 (a) through (c), Rule 12(b) allows,

> " If, on a motion asserting the defense numbered (6) to dismiss for failure
>
> of the pleading to state a claim upon which relief can be granted, <u>matters</u>
>
> <u>outside the pleading are presented to and not excluded by the court,</u> the
>
> motion shall be treated as one for summary judgment and disposed of as
>
> provided in Rule 56, and all parties shall be given reasonable opportunity
>
> to present all material made pertinent to such a motion by Rule 56."
>
> {emphasis added}

Under these circumstances, Campbell is entitled to present matters outside the pleadings for consideration in a summary judgment decision.

To this end, Campbell humbly submits the attached Documents Affidavit in Support of Plaintiffs Motion To Amend Complaint, the majority of which was previously filed in the Land Court[3] as "Plaintiff's Affidavit In Support of Motion To Depose Witnesses" *Mass Land Court, Docket #280041, (2002)*. One new element has been added through this pleading and one (1) page was substituted to correct an error in the previous document. The discussion preceding the attachments has also been modified from the Land Court submission to conform with this proceeding.

---

[3] To maintain consistency between filings, the Plaintiff has made only cursory changes to the original Affidavit, changing only the Header/Footer format and references to Land Court filings vs. U.S. District Court filings. Since this was the initial disclosure of evidence discovered, much redundancy exists between the Affidavit discussion and the federal Complaint.

In response to This Court's Order to Show Cause why the issues were not included in previous amendments, Campbell offers the following reasons in support of the Motion to Amend:

1. Plaintiff's intent in this filing was to remove the current action from the Massachusetts Land Court, Docket #280041, to address Federal questions (See Federal Civil Cover Sheet, Section V. Origin, Box 2 included as Exhibit "S" in Affidavit); and,

2. The Plaintiff's references to federal jurisdiction in the Complaint apply primarily to actions removed from the state court; and

3. Assuming the issues from the state action would be consolidated, and using the guidance provided by This Court, Campbell made a good faith effort to construct a pleading which addressed the Federal questions and appropriate parties, which was accurate in content and in a form acceptable to This Court; and,

4. Although the scope of issues to be addressed increased substantially as evidence was found, the Plaintiff suspended all efforts for further discovery pertaining to parties not included in the Land Court action, once evidence of the cause of this action was realized; and

5. With a considerable amount of uncertainty in whether or not This Court would allow this case to proceed, Campbell delayed further discovery efforts on all the issues and parties, pending approval by This Court, to the detriment of the Complaint; and

6. FRCP, Rule 15(b) allows in part for "Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time,…" ; and

7. The interests of justice should permit the Plaintiffs the opportunity to amend their Complaint and provide This Court with the opportunity to decide on the merits.

For the reasons stated, the Plaintiff humbly requests that the Defendant Amos' Motion to Dismiss be denied and that the Motion To Amend Complaint be granted.

Respectfully submitted,

Robert J. Campbell
Plaintiff, Pro Se
50 Squanto Road
North Weymouth, MA 02191
Telephone (781) 335-4362

Dated February 24, 2006

Pc: William P. Breen, Jr., Esq.
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Dr., Ste 410
Quincy, MA 02169

George E. Lane, Jr., Esq.
87 Broad St.
Weymouth, MA 02188

Gregory F. Galvin, Esq.
775 Pleasant St., Unit 16
E. Weymouth, MA 02189

Stephen C. Warneck, Esq.
350 Lincoln St., Ste 2400
Hingham, MA 02043

## CERTIFICATE OF SERVICE

I hereby certify on this day that a true copy of the enclosed document was served upon the Defendant(s) by U.S. Mail (CMRR).

Date: 2/24/06

Robert J. Campbell,
Plaintiff, Pro Se
50 Squanto Road
North Weymouth, MA 02191
(781)335-4362

United States District Court
Docket #05-10620-WGY