UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT J. CAMPBELL,

Plaintiff,

v.

TOWN OF WEYMOUTH, et al.,

Defendants.

C.A. No. 05-10620-WGY

**DEFENDANT SANDRA GILDEA'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR DEFAULT**

Defendant Sandra Gildea submits this opposition to Plaintiff Robert Campbell's Request for Default Against Sandra Gildea for failure to respond to the Second Amended Complaint within twenty days. The Court should deny Campbell's request because Gildea and her counsel acted in good faith, pursuant to customary practice, and consistently with Fed.R.Civ.P. 6(a) and Local Rule 5.4(D) in excluding Sunday, February 26, from the twenty-day extension period and because Campbell, despite knowing for nearly three weeks that Gildea had requested and the Court had granted the new due date of Monday, February 27 (rather than February 26, as Campbell now insists it should have been), Campbell said and did nothing to apprise anyone of his position until after the deadline he insists applied had passed.

Gildea's response to the Second Amended Complaint was originally due on February 6, 2006. In a February 3, 2006 telephone conversation with Gildea's counsel, Campbell assented to an additional twenty days for Gildea to answer or otherwise respond to the Second Amended Complaint. Accordingly, on February 6, 2006, Gildea filed an assented to motion requesting a

twenty day extension. In calculating the specific due date, because the twentieth day following February 6 , February 26, was a Sunday, Gildea followed the customary procedure, consistent with Fed.R.Civ.P. 6(a) and LR 5.4(D), of excluding February 26 from the twenty day period, which made the response due on Monday, February 27.

On Tuesday, February 7, the Court granted Gildea's motion. On Monday, February 27, Gildea filed her motion to dismiss and supporting memorandum as Document Numbers 28 and 29. Also on February 27, Campbell filed his Request for Default Against Defendant Gildea as Document Number 30. When he filed his Request, Campbell had not spoken or otherwise communicated with Gildea's counsel since initially assenting to the twenty day extension on February 3.

Gildea's due date determination, consistent with Fed.R.Civ.P. 6(a) and LR 5.4(D) and approved by the Court, was entirely proper. Because Campbell is pro se, however, there conceivably could have been a misunderstanding or difference of opinion between Campbell and Gildea as to the appropriate due date. However, any such misunderstanding arose nearly *three weeks* ago, and Campbell *did nothing about it*. He did not call Gildea's counsel. He did not write Gildea's counsel. He did not ask the Court to change the due date it had ordered. Campbell kept his objection a secret until he filed his request for a default on February 27, only then letting everyone know *for the very first time* that, in his view, the deadline should have been February 26. Campbell's request for entry of default against Gildea should be denied.

Moreover, filing Gildea's motion to dismiss on Monday, February 27, before Campbell even filed his Request for Default, instead of on Sunday, February 26, caused no prejudice to Campbell. The motion to dismiss can be argued and decided, and, if necessary, the rest of the case can be litigated, on precisely the same schedule as it would have been had the motion and

2

memo been filed on Sunday, February 26. And given the long timetable in a case like this, one less day for Campbell to review the papers will not in any way prejudice his ability to present his claims and evidence as the case proceeds.

For all of these reasons, this Court should deny Campbell's Request for Default.

Respectfully submitted,

SANDRA GILDEA

By her attorney,

/s/ *Stephen C. Warneck*
Stephen C. Warneck, BBO # 640871
WARNECK LAW OFFICES
350 Lincoln St., Suite 2400
Hingham, MA 02043
781-740-1115

Dated: February 28, 2006

**CERTIFICATE OF SERVICE**

I, Stephen C. Warneck, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 28, 2006.

/s/ *Stephen C. Warneck*
Stephen C. Warneck

3