UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Robert J. Campbell,
    *Plaintiff,*

V.

Town of Weymouth, et al
    *Defendants*

CIVIL ACTION
NO. 05-10620-WGY

## PLAINTIFF'S OPPOSITION TO DEFENDANT GILDEA'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Now comes the Plaintiff, Robert J. Campbell, ["Campbell"] with the following statement in opposition to the Defendant Gildea's ["Gildea"] Motion to Dismiss Second Amended Complaint ["Complaint"], dated February 27, 2006.

On February 27, 2006, through Counsel, Gildea filed a Motion To Dismiss with prejudice. Gildea states as grounds for the Motion, that the single count against her, conspiracy to violate Campbell's civil rights (42 U.S.C. §1985), must be dismissed because (1) {the Complaint} does not adequately plead Gildea's participation in a conspiracy; (2) it fails to satisfy even the "notice pleading" requirements of Rule 8(a) of the Fed.R.Civ.P.; and (3) even if a conspiracy is adequately plead, the claim is barred by the statute of limitations.

As in the previous opposition statements[1], Campbell recognizes specific deficiencies in the {Second Amended} Complaint and reiterates his insistence that the claim against the

---

[1] Plaintiff's Oppositions to Defendant Amos' Motion to Dismiss, filed February 6, 2006, and {other Town} Defendants Motion to Dismiss, dated March 13, 2006..

Defendant Gildea is factual and meritorious, having been derived as a product of logic and reason based Gildea's participation in the proceedings, and close relationships with other Defendants involved in this matter. Campbell insists that evidence of Gildea's involvement reveals more than a mere expression of her constitutional right to petition, and a display of unwarranted intrusion into the proceedings with the sole intent to harass, deny or otherwise hinder the Plaintiff's protected interests in the project.

In order to limit the redundancy in pleadings, this opposition will only address those issues pertaining to Gildea's involvement in this matter. Where service of the Plaintiff's other Opposition statements has been or will be made to Gildea, the Plaintiff insists that the Defendant will not be prejudiced by the preclusion of direct responses on the issues of statute of limitations, standing, state law remedies and remediable constitutional injuries, in this statement.

### Discussion of Gildea's Relevant Relations

The Plaintiff was faced with an unexpected amount of local opposition to the proposed project in North Weymouth. For reasons yet undetermined a significant campaign opposing the daycare center was mounted in the immediate neighborhood of locus. Gildea is the Founder and Former President of the North Weymouth Civic Association ("NWCA"), one of several politically active groups in Weymouth composed primarily of local leaders and "concerned citizens," who gather to discuss issues relative to their respective neighborhoods and help elected officials to formulate appropriate policies, by expressing the individual concerns.

On the surface, it is a noble undertaking with its' historical roots embedded in and derived from the colonial era. In actual practice though it has the typical disadvantages associated with any large gathering of opinionated individuals with conflicting agendas. Campbell contends that certain Defendant members of the Planning Board also having ties and connections to the NWCA have a close personal connection with Gildea. The Defendant Amos also has shown through her efforts she had direct contact with the full membership of the NWCA, receiving a unanimous endorsement opposing the Plaintiff's project.

Gildea also has a personal interest in the outcome of this project, and a "vested" financial interest in preventing it from proceeding. Gildea is directly related to the owner of the closest privately owned competitor of daycare services in the area and was vehemently outspoken in opposition to the project at each Public Hearing. At one point, immediately following the Planning Board's vote to grant the Special Permit {on Remand Order, L.C. Docket #237269}, Gildea verbally threatened the Plaintiff's wife, stating that she intended to "continue" to harass their center, and "report them" {apparently to the Massachusetts Office For Child Care("OFCC")}.

There was a witness to this unnecessary and vicious promise, who is willing to testify to that effect. The problem with the threat is that the word "continue" implies that she has already started to "harass and report" Mrs. Campbell. The Campbells have been the subject of several unwarranted complaints to OFCC and the Building Department as a direct result of this proposal. A neighbor of Campbell's also observed a "middle aged woman" trespassing on her property in order to photograph Campbell's {former}

residence. The neighbor is unfamiliar with the Defendants and could not identify the person by name. Campbell insists the true identity of the Complainant(s) exists in the files at both OFCC and the Building Department. The Subpoena power of This Court will compel their disclosures.

The attached Documents Affidavit in support of the Plaintiff's Opposition to Gildea's Motion to Dismiss includes a complete copy of the file provided by OFCC on a complaint made by an unnamed individual from North Weymouth, in temporal proximity to the meeting that occurred between Defendants Amos and Nasuti, and the NWCA vote to oppose the Plaintiff's project.

Given the covert nature of any conspiracy and the fact that the Plaintiff has barely begun to determine the extent of the individuals involved, the Plaintiff humbly requests that Gildea's Motion to Dismiss be denied pending further Discovery compelling OFCC to disclose the name of the Complainant.

The plaintiff respectfully requests that This Court consider the enclosed Documents Affidavit with regards to the Plaintiffs opposition the Defendants' Motion to Dismiss the Second Amended Complaint. To the best of my knowledge, the enclosed documents are true copies or original documents.

Signed and sworn to under the pains and penalties of perjury.

\

Respectfully Submitted,

_____
Robert J. Campbell,
Plaintiff, Pro Se
50 Squanto Road
North Weymouth, MA 02191

Dated March 13, 2006

Pc: William P. Breen, Jr., Esq.
    Murphy, Hesse, Toomey & Lehane, LLP
    300 Crown Colony Dr., Ste 410
    Quincy, MA 02169

    George E. Lane, Jr., Esq.
    87 Broad St.
    Weymouth, MA 02188

Gregory F. Galvin, Esq.
775 Pleasant St., Unit 16
E. Weymouth, MA 02189

Stephen C. Warneck, Esq.
350 Lincoln St., Ste 2400
Hingham, MA 02043

### CERTIFICATE OF SERVICE

I hereby certify on this day that a true copy of the enclosed document was served upon the defendant(s) by U.S. Mail/Fax/Hand Delivery.

Date: 3/13/06

_____
Robert J. Campbell,
Plaintiff, Pro Se
50 Squanto Road
North Weymouth, MA 02191
PH(781)335-4362