UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Robert J. Campbell,
    *Plaintiff,*

V.

Town of Weymouth, et al
    *Defendants*

CIVIL ACTION
NO.05-10620-WGY

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER TO PRESERVE EVIDENCE PENDING APPEAL

The Plaintiff, Robert J. Campbell ("Campbell"), hereby requests a Temporary Restraining Order ("TRO") to prevent the inadvertent, accidental or deliberate disposal and/or destruction of evidence, pending a decision by the Court of Appeals for the First Circuit on appeal of this Court's Order of Dismissal dated March 17, 2006.

As grounds for this Motion, the Plaintiff states that the retention period required by Massachusetts General Laws ("M.G.L."), c.66, §8, for maintaining public records has passed in some instances and/or is due to expire presently in other regards. As further grounds for this request, Campbell suggests that certain public records have not been

properly maintained thus far, and the Town has been unwilling or unable to produce specific records on numerous written and verbal requests. Since then, Campbell has suspended any and all Discovery efforts following a pre-trial Motions Hearing before the Massachusetts Land Court on Docket #280041("L.C. Docket #280041"), held on August 19, 2004.

As further grounds for the TRO, Campbell claims that certain Department Managers, custodians or Supervisors of Records have refused to comply with his requests for access to other public records as required by M.G.L. c.66, §10(a), and have further failed to provide written notice that the records requested are exempt under one of the categories listed in M.G.L. c.4, §7, cl.26.

This Court should take particular notice of the fact that these refusals occurred in response to valid discovery requests authorized by, and made during, the proceedings on L.C. Docket #280041. The Plaintiff did not pursue his rights to remedies and relief under M.G.L. c.66, §10(b), or seek L.C. intervention to compel disclosure, due to his constructive knowledge of the cessation of {state court} actions clause under Title 28 U.S.C. §1446(d), and in further anticipation of authorized discovery in the instant action.

The evidentiary materials sought to be preserved pertain to all actions and records involving the Plaintiff's and abutter's applications for Building and Special Permits; similar requests for variances and permit extensions; previous Discovery requests [in Land Court proceedings]; proposals, discussions, meetings and actions to amend [local] Zoning Bylaws, Business Certificate and Licensing requirements and Criminal Offense Records Investigations ("CORI") requests; developments leading to the proposed legislation and hearings conducted by the Massachusetts General Legislature on a 1999 Senate bill to amend MGL c.40A, §3; permit proceedings and construction monitoring activities related to the removal of asbestos from and subsequent demolition of the Edgar Station [Edison] Power Plant and construction of a new 750MW Power Generating Plant in North Weymouth; permit proceedings and remediation activities of hazardous waste sites at Abigail Adams and Webb State Parks in North Weymouth; and, all actions and proceedings involving Town officials with regards to the redevelopment of the South Weymouth Naval Air Station.

A representative sample of evidentiary materials includes, but is not necessarily limited to, the following:

1. Any and all written or printed papers, documents, reports, notes, memoranda, letters, articles, books, publications, complaints, investigations, analyses and

similar documentation and/or correspondence, etc., submitted to, made or received by the parties listed; and

2. Any and all electronic mail, files, cellular and land line telephone records, personal computers, hard drives, tapes, discs and/or other electronic storage media and devices owned, leased, maintained, submitted or sent to, made or received by the parties listed, etc.; and,

3. Any and all meeting agenda, transcribed and/or recorded minutes, public notices, motions, comments, actions, recorded votes and any audio or video recordings of proceedings of public hearings and executive sessions, etc.; and

4. Any and all personnel records pertaining to municipal employees, [elected and/or appointed] public officials, employees, members and board members of private corporations and civic organizations, including voting records and election results, personal and corporate financial statements, membership lists, duty rosters and executive board elections, civil service examinations, competency tests, disciplinary actions, performance reports, awards/citations, promotions and/or demotions, etc.; and,

5. Any and all liability insurance policies, including coverage selections and limitations statements, maker's

determinations, findings, reports, claims history, payments, denials and all related correspondence, etc.

The parties to which the TRO should apply include the Town Clerk, Town of Weymouth, MA("Town"); Massachusetts State Senator Robert Hedlund (R-Weymouth); all of the named Defendants and their affiliated professional and/or civic organizations; including specific Boards and Departments ("Dept[s].") of the Town {and their employees}; the North Weymouth Civic Association ("NWCA"); the Just Right Child Care, Inc.("JRCC"); the South Shore Tri-Town Development Corporation ("SSTTDC") and it's predecessor, the [South Weymouth] Naval Air Station Planning Committee ("NASPC"); and, the Weymouth Educational Television Channel ("WETC").

The specific Town organizations to be restrained are as follows: the Planning Board, Conservation Commission, Board of Selectmen, Board of Zoning Appeals, Municipal Licenses and Inspections Dept., Community Planning and Development Dept., Town Meeting and it's successor Town Council, the Clerk's Office, any and all subcommittees thereof, and the Police Dept.

Whereas, in consideration of the aforementioned concerns and to prevent the imminent and permanent loss of evidence, the

Plaintiff respectfully requests that this Honorable Court allow this Motion and issue the Temporary Restraining Order covering the aforementioned materials and parties.

Humbly submitted,

_____
Robert J. Campbell
Plaintiff, Pro Se
50 Squanto Road
North Weymouth, MA 02191
Telephone (781) 335-4362

Dated September 25, 2006

CERTIFICATE OF SERVICE

I hereby certify on this day that a true copy of the enclosed document was served upon the Defendants-Appellees by U.S. Mail First Class.

Date: 9/26/06

Robert J. Campbell,
Plaintiff-Appellant, Pro Se
50 Squanto Road
North Weymouth, MA 02191
(781)335-4362


Pc: William P. Breen, Jr., Esq.
    Eckart, Seamans, Cherin & Mellott, LLC
    1 International Place, 18th Floor
    Boston, MA 02110

    George E. Lane, Jr., Esq.
    87 Broad St.
    Weymouth, MA 02188

    Stephen C. Warneck, Esq.
    350 Lincoln St., Ste 2400
    Hingham, MA 02043

    Gregory F. Galvin, Esq.
    775 Pleasant St., Unit 16
    E. Weymouth, MA 02189