# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-1794

ROBERT J. CAMPBELL,

Plaintiff, Appellant,

CAMPBELL FAMILY INVESTMENT TRUST,

Plaintiff,

v.

TOWN OF WEYMOUTH, ET AL.,

Defendants, Appellees,

STANLEY ELKERTON,

Defendant.

Before

Lipez, Circuit Judge,
Campbell, Senior Circuit Judge,
and Howard, Circuit Judge.

**JUDGMENT**

Entered: March 19, 2007

After carefully reviewing the record in this case, we affirm the dismissal of plaintiff's civil rights claim alleging a violation of his right to substantive and/or procedural due process. We add only the following.

This court has "repeatedly held that rejections of development projects and refusals to issue building permits do not ordinarily implicate substantive due process." Torromeo v. Town of Fremont, NH, 438 F.3d 113, 118 (1st Cir. 2006). Violations of substantive due process are limited to "horrendous situations" and are not

implicated simply by the fact that a board acts in violation of state law." Id. (citing cases). Nothing in plaintiff's complaint suggests that the acts complained of rise to the level of a substantive due process violation.

Plaintiff's procedural due process claim fails because, even if the denial of his request for a permit violates state law, the state provides an adequate post-deprivation remedy by allowing "[a]ny person aggrieved by a decision of the [zoning board of appeals] or any special permit granting authority" the right to seek judicial review of that decision. M.G.L. c. 40A, § 17. This statute is an adequate remedy for federal constitutional purposes. Chongris v. Board of Appeals of the Town of Andover, 811 F.2d 36, 44 (1st Cir. 1987).

Affirmed.

By the Court:

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

Richard Cushing Donovan, Clerk.

**Richard Cushing Donovan, Clerk**

*WH*
**Deputy Clerk**

By: _____MARGARET C_____
Chief Deputy Clerk.

Date: 6/27/07

[cc:  Robert J. Campbell, William Breen, Esq., Gregory Galvin, Esq., Stephen Warneck, Esq.]